# *Ex parte* Charles.

## *Application for Mandamus.*

1. *Service of process upon receivers of railroads; not affected by act approved February 26, 1887.*—The act approved February 26, 1887 (Acts 1886–87, p. 6 ; Code, p. 592),providing that, whenever a railroad corporation has permitted its road to be used or operated by any other person or corporation, it is a sufficient service of process in any suit against the person or corporation so usin g or operating said railroad, to serve a copy of such process on any depot agent, or person in charge of any depot along the line of the railroad so used and operated, refers exclusively to cases in which a railroad corporation voluntarily parts with the possession of *its* railroad, and has no reference to compulsory dispossession by decree or judgment of a court, as when the possession is transferred to receivers.

2. *Same.*—When a railroad is in the possession of and being operated by receivers, duly appointed, and a suit is brought against such receivers, a service of the summons and complaint upon an agent of said receivers, who was, at the time, in charge of a depot along the line of said railroad, is not sufficient to give the court jurisdiction of the defendants, and such service of process is rightly set aside on proper motion.

Abraham Charles brought an action against R. S. Hayes and H. M. Comer, as receivers of the Montgomery and Eufaula Railroad Company, a corporation, to recover damages for the alleged negligent killing of plaintiff's mule. On the back of the summons and complaint there was the following indorsement : ''Executed by serving a copy of the within summons and complaint on Dan Frazier, as agent of the said defendants, H. M. Comer and R. S. Hayes, as receivers of the Montgomery & Eufaula R. R. Co., this the 8th day of Sept., 1894. [Signed.] W. R. Waller, Sheriff, by C. E. Parks, D. S.'' The defendants moved to set aside the service upon them of the summons and complaint filed in said cause, on the following ground : ''Because the same was not served upon them, or either of them, personally, nor upon any person whom the law authorizes to be served in substitution of them, or either of them.''

On the hearing of this motion the following facts were

admitted: At the time of the injury complained of the said H. M. Comer and R. S. Hayes were in charge of and operating the Montgomery & Eufaula railroad as receivers thereof, having been appointed as such receivers by the Circuit Court of the United States at Montgomery, Ala.; that said receivers were non-residents of the State of Alabama; and that the said Dan Frazier, upon whom said service was made, was, at the time thereof, the agent of said receivers of said railroad company, and was in charge of the station and depot of the Montgomery & Eufaula Railroad Company, located in the city of Montgomery. Upon this evidence the court held that said service of the summons and complaint was insufficient to bring said defendants into court and to give the court jurisdiction of them; and thereupon sustained the motion, and quashed and set aside said return and service; and to this ruling of the court the plaintiff duly excepted.

The plaintiff in said cause now files his petition in the Supreme Court asking for a writ of *mandamus*, directed to the Judge of the City Court of Montgomery, compelling him to set aside and vacate the order and judgment rendered by him, setting aside and quashing the return and service upon the defendants in said cause.

FARNHAM, CRUM & WEIL, for petitioner, cited *Cen. Trust Co. v. St. Louis, A. & T. R. Co.*, 40 Fed. Rep. 426; *Eddy v. LaFayette*, 1 C. C. A. Rep. 441.

ROQUEMORE & WHITE, *contra*.—The service of summons and complaint in this case was not sufficient. The cases cited by the counsel for petitioner do not sustain their contention.—*Cen. Trust Co. v. St. L. &c. R. Co.*, 40 Fed. Rep. 426; *Eddy v. LaFayette*, 1 C. C. A. Rep. 441.

BRICKELL, C. J.—The service of process in this case was without authority of law, unless it can be drawn within the influence of the act of the General Assembly, approved February 26, 1887.—Pamph. Acts 1886–87, p. 68; Code, p. 592. The act refers exclusively to cases in which a railroad corporation voluntarily parts with the possession of its railroad, or voluntarily permits it to be used by a natural person or another corporation. It has no reference to compulsory disposses-

sion by the decree on judgment of a court of competent jurisdiction; no reference to a case in which the possession and use of the railroad is transferred to receivers. We do not apprehend that any serious injury or inconvenience may result from this construction of the statute. The court appointing the receivers has plenary jurisdiction over them, and upon a proper application would direct the mode in which service upon them should be effected, or would require them to acknowledge service; or would authorize the party applying to intervene by petition in the suit in which the receivers were appointed, and so moulding the procedure on the intervention, that the full measure of the rights of the parties would be administered.

The application for the *mandamus* is denied.